UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LORENZO D. KYLES, SR.,

Plaintiff,

v. Case No. 26-CV-1354

MYRON OLSON, WARDEN LIZZIE TEGELS,
CASEY JENSEN, ERIC SPECKHART,
MELINDA DERUS, MELISSA GILLES,
WARDEN RICHARD GIROUX, and
SGT. NICHOLAS KLIMPKE,

Defendants.

---

## SCREENING ORDER

---

Plaintiff Lorenzo D. Kyles, Sr., who is currently serving a state prison sentence at Jackson Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On September 2, 2026, the Court screened and dismissed the original complaint for violating Federal Rules of Civil Procedure 18 and 20 but gave Plaintiff an opportunity to file an amended complaint. (ECF No. 7.) This matter comes before the Court to screen Plaintiff's amended complaint.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a

complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

**THE COURT'S ANALYSIS**

Plaintiff's amended complaint suffers from the same deficiencies as the original complaint. Plaintiff alleges that Defendants violated the First Amendment, the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act. The amended complaint must be dismissed because Plaintiff improperly brings unrelated claims in a single case.

As instructed by the Seventh Circuit, under the controlling principle of Rule 18(a) of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the court in *George* reminded district courts that Rule 20 of the Federal Rules of Civil Procedure applies as much to prisoner cases as it does to any other case. *Id.* Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

The incidents Plaintiff describes in his amended complaint occurred on different days over a two-year period and involve different people. The purported claims against the defendants do not arise out of the same transaction or occurrence, nor do they share common questions of law and fact. For example, the factual and legal underpinnings of Plaintiff's claim that Chaplain Olson retaliated against Plaintiff for filing grievances by denying Plaintiff's requests to observe Tisha B'Av and Yom Kippur in 2025 have nothing in common with the factual and legal underpinnings of his claim that Sgt. Klimpke denied Plaintiff any Passover dining accommodations in 2026.

The Court finds that the amended complaint fails to comply with Rules 18 and 20. If Plaintiff wants to continue with this action, he must file a second amended complaint that cures the deficiencies in the amended complaint as described herein. A second amended complaint must be filed on or before **November 16, 2026**.

The Court will enclose a blank prisoner amended complaint form. Plaintiff must use that blank prisoner amended complaint form to file his second amended complaint. *See* Civil L.R. 9 (E.D. Wis.). If Plaintiff believes he needs more space than is available on the blank prisoner amended complaint form, he may attach a *maximum* of five typed, double-spaced pages. The second amended complaint should be no more than ten pages total.

Plaintiff is advised that the second amended complaint will replace the prior complaints, so it must be complete in itself without reference to the prior complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If a second amended complaint is received, the Court will screen it as required by 28 U.S.C. § 1915A. If Plaintiff does not closely follow the Court's directions and does not file a second amended complaint that cures the deficiencies identified by the Court, the Court will dismiss the case for failing to comply with the screening order. *See Standard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) ("[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile."). If Plaintiff does not file a second amended complaint by **November 16, 2026**, the Court will dismiss this action based on his failure to diligently prosecute it.

**IT IS THEREFORE ORDERED** that on or before **November 16, 2026**, Plaintiff may file a second amended complaint curing the defects in the amended complaint as described in this

screening order. If Plaintiff does not file a second amended complaint, the Court will dismiss this action based on his failure to diligently prosecute it. The Clerk is directed to mail Plaintiff a blank prisoner amended complaint form.

Dated at Green Bay, Wisconsin on October 14, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge