UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LORENZO D. KYLES, SR.,

Plaintiff,

v. Case No. 26-CV-1354

MYRON OLSON,
WARDEN LIZZIE TEGELS,
CASEY JENSEN,
ERIC SPECKHART, and
MELINDA DERUS,

Defendants.

---

## SCREENING ORDER

---

Plaintiff Lorenzo D. Kyles, Sr., who is currently serving a state prison sentence at Jackson Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On October 14, 2026, the Court screened and dismissed Plaintiff's amended complaint for violating Federal Rules of Civil Procedure 18 and 20 but gave Plaintiff an opportunity to file a second amended complaint. (ECF No. 10.) This matter comes before the Court to screen Plaintiff's second amended complaint.

### SCREENING OF THE SECOND AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a

complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the second amended complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly

occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the second amended complaint.

Plaintiff is a Hebrew-Israelite that has been practicing Judaism for over two decades. He is required to wear a kufi while reciting daily prayers, observe the Sabbath, fast for Tisha B'Av, fast for Yom Kippur, and observe Rosh Hashanah. Plaintiff is also required to wear a kufi when celebrating Passover and the Feast of Unleavened Bread. (ECF No. 11 at 2.)

At SCI, Plaintiff was approved to observe the 2024 Passover, Tisha B'Av, and Yom Kippur. When Plaintiff was transferred to Jackson Correctional Institution, he met with Chaplain Myron Olson to discuss his Hebrew-Israelite beliefs. In April 2024, Plaintiff and other inmates observed Passover after receiving approval from Unit Manager Melinda Derus and Chaplain Olson to eat their kosher-for-Passover meals in-room. (*Id.* at 2–3.)

On January 2, 2025, Plaintiff submitted an interview request to Chaplain Olson for three DOC-2935 forms to request to observe Passover, Tisha B'Av, and Yom Kippur. Chaplain Olson forwarded a single DOC-2935 form to Plaintiff and directed Plaintiff to sign up for all accommodations on a single form. On January 8, 2025, Plaintiff hand-delivered the form to Chaplain Olson and asked him to approve the same in-room Passover dining he did in 2024. Chaplain Olson responded that he would let Plaintiff know at a later date and approved Plaintiff's DOC-2935 form for all three 2025 religious observations. (*Id.* at 3.)

On January 23, 2025, Plaintiff met with Chaplain Olson and asked whether he had made a decision about Plaintiff's request for in-room Passover dining. On March 26, 2025, Plaintiff received a chapel notice about Passover Seder. Plaintiff told Chaplain Olson he could not be on the Seder list because it was conducted over Passover and asked whether Chaplain Olson made a decision about his in-room Passover dining request. Chaplain Olson never responded. (*Id.*)

On April 2, 2025, Plaintiff wrote Chaplain Olson asking for permission to celebrate Passover in-room. They met on April 3, 2025, and Chaplain Olson informed Plaintiff he would email Unit Manager Derus about the issue soon. On April 6, 2025, Plaintiff asked Chaplain Olson about the in-room Passover dining request. Chaplain Olson responded that he would email all unit managers before Passover begins but indicated it would be highly likely that Plaintiff would have to fast this year. The next day, Plaintiff emailed Warden Lizzie Tegels requesting a Passover dining accommodation. Warden Tegels forwarded the request to Eric Speckhart, who never responded. Plaintiff then emailed Unit Manager Derus and Security Director Casey Jensen requesting a Passover dining accommodation. Security Director Jensen denied Plaintiff's request. (*Id.*)

Plaintiff again emailed Warden Tegels detailing his sincere beliefs in observing Passover in-room and requesting that Warden Tegels intervene. Warden Tegels denied the request. Plaintiff then spoke to Unit Manager Derus about the denial of his Passover dining accommodation. Unit Manager Derus suggested that Plaintiff could fast. Plaintiff spoke to Speckhart about the issue, who also told Plaintiff he could fast. (*Id.* at 3–4.)

On April 12, 2025, the first night of Passover, Plaintiff was the target of insensitive and derogatory jokes by other inmates. The next day, Plaintiff was berated by inmates and staff for being the only black person celebrating Passover while praying over his kosher-for-Passover meal. Plaintiff met with Chaplain Olson to discuss why Chaplain Olson, Security Director Jensen, Unit Manager Derus, and Speckhart denied his in-room Passover dining request. Chaplain Olson responded that fasting is not forbidden. (*Id.* at 4.)

On July 17, 2025, Plaintiff hand-delivered a DOC-2075 form to Chaplain Olson requesting to observe Passover dining in-room. Chaplain Olson indicated he would submit the request and

asked whether Plaintiff would be pursuing a lawsuit about his in-cell Passover request. Plaintiff responded that it was his right. On August 2, 2025, Plaintiff began fasting for Tisha B'Av. After adhering to the fast, Plaintiff sought his one full-day nutritional kosher meal bag. Non-defendant Sgt. Langreck determined that no Tisha B'Av kosher meal bag was available for Plaintiff. With no other choice, Plaintiff broke his fast with non-kosher food. On August 4, 2025, Plaintiff wrote Chaplain Olson to ask what happened to his Tisha B'Av meal bag. Plaintiff met with Chaplain Olson the next day. Chaplain Olson stated that he did not know Plaintiff wanted to be on the Tisha B'Av and Yom Kippur meal lists because he did not receive a DOC-2935 form from Plaintiff. Plaintiff informed Chaplain Olson that Chaplain Olson approved the accommodations in person in January 2025. Chaplain Olson told Plaintiff that he should have submitted three separate DOC-2935 forms. Plaintiff told Chaplain Olson that he only sent Plaintiff one form and told Plaintiff to make all three requests on that form. Chaplain Olson responded that he did not care that Plaintiff made the requests on one form until Plaintiff filed a complaint about Passover. Chaplain Olson also withheld Warden Tegels' May 27, 2025, decision approving the purchase of a kufi from Plaintiff for 15 months. Plaintiff seeks monetary damages. (*Id.* at 5–7.)

## ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

As an initial matter, Plaintiff's claims against Defendants in their official capacities must be dismissed. Plaintiff only seeks monetary damages against Defendants. An official capacity

claim against Defendants is essentially a suit against the state, and 42 U.S.C. § 1983 does not authorize lawsuits against states. *See Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000); *Orr v. Shicker*, 147 F.4th 734, 739 (7th Cir. 2025). Therefore, Plaintiff's official capacity claims will be dismissed.

Plaintiff asserts that Defendants violated his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). "RLUIPA provides that a federally funded prison may not impose a substantial burden on the religious exercise of an inmate unless it can prove that doing so is the least restrictive means of furthering a compelling governmental interest." *West v. Radtke*, 48 F.4th 836, 844 (7th Cir. 2022) (citing 42 U.S.C. § 2000cc-1(a)) (cleaned up). RLUIPA does not authorize monetary damages against officials in their individual capacities. *See Landor v. La. Dep't of Corr.*, 609 U.S. 59, 69–70 (2026) (holding that damages against state prison officers in their personal capacities are not available under RLUIPA absent a showing that the officers voluntarily and knowingly consented to answer to private suits under the statute). Because Plaintiff only seeks monetary damages from Defendants and does not allege that they "voluntarily and knowingly consented to answer private suits under RLUIPA," *id.* at 70, his RLUIPA claim must be dismissed.

The Free Exercise Clause of the First Amendment prohibits the government from imposing a "substantial burden" on a "central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). When "'a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.'" *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). This "reasonableness test" is "less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights," in recognition that "limitations on the exercise of constitutional

rights arise both from the fact of incarceration and from valid penological objectives." *Id.* at 349–50 (citations omitted). The Court will allow Plaintiff to proceed on a First Amendment claim based on allegations that Chaplain Olson, Warden Tegels, Security Director Jensen, Speckhart, and Unit Manager Derus's denial of Plaintiff's request for a 2025 in-room Passover dining accommodation substantially burdened Plaintiff's exercise of his religious belief or practice.

Plaintiff also asserts that Chaplain Olson retaliated against him by denying his requests for Tisha B'Av accommodations and withholding the decision approving the purchase of a kufi because Plaintiff filed a grievance related to the denial of his Passover accommodation and a lawsuit. To state a First Amendment claim for retaliation, Plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Whitfield v. Spiller*, 76 F.4th 698, 707–08 (7th Cir. 2023) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Based on Plaintiff's allegations, Plaintiff may proceed on a First Amendment retaliation claim against Chaplain Olson.

The Court finds that Plaintiff may proceed on the following claims: a First Amendment claim based on allegations that Chaplain Olson, Warden Tegels, Security Director Jensen, Speckhart, and Unit Manager Derus's denial of Plaintiff's request for a 2025 in-room Passover dining accommodation substantially burdened Plaintiff's exercise of his religious belief or practice as well as a First Amendment retaliation claim against Chaplain Olson based on allegations that Chaplain Olson denied Plaintiff's requests for Tisha B'Av accommodations and withheld the decision approving the purchase of a kufi because Plaintiff filed a grievance related to the denial of his Passover accommodation and a lawsuit.

**IT IS THEREFORE ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's second amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Chaplain Olson, Warden Tegels, Security Director Jensen, Speckhart, and Unit Manager Derus.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Chaplain Olson, Warden Tegels, Security Director Jensen, Speckhart, and Unit Manager Derus shall file a responsive pleading to the second amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable Byron B. Conway
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on November 16, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge